UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL ANTHONY CRUZ, JR.,

Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

Case No. 3:26-cv-00588-MMD-CLB

ORDER

## I. SUMMARY

Plaintiff Michael Anthony Cruz, Jr. sued Defendant National Collegiate Athletic Association ("NCAA") challenging the implementing provisions of the NCAA's new age-based eligibility rule—the "5-in-5 Rule"—and in particular, a carve-out provision (the "carve-out") of the new rule that runs out the clock on student-athletes, like Cruz, from the high school class of 2022 who completed their fourth season of collegiate eligibility by the spring of 2026. (ECF No. 1-1.) The Court had denied Cruz's motion to preliminarily enjoin enforcement of the carve-out provision and allow him to compete in the upcoming 2026-2027 collegiate baseball season.[1] (ECF No. 30 ("Order").) Before the Court is Cruz's motion for reconsideration. (ECF No. 31 ("Motion")[2].) Because Cruz provides no valid reason for reconsideration—and for the reasons discussed herein—the Court denies the

[1]Cruz's motion sought an emergency temporary restraining order and preliminary injunction. (ECF No. 4 ("PI Motion").)

[2]Defendant filed a response (ECF No. 34) and Cruz filed a reply (ECF No. 35). Cruz filed a supplement. (ECF No. 32.) Cruz then filed a third motion for leave to supplement and a motion for order shortening time. (ECF No. 33.) The Court grants leave to file supplemental authority—the Ninth Circuit's opinion in *Blythe v. NCAA*, __ F.4th __, 2026 WL 2653349 (9th Cir., Sept. 9, 2026)—but the Court denies the motion for order shortening the briefing schedule as moot.

Motion.

## II. DISCUSSION

Cruz seeks reconsideration under Fed. R. Civ. P. 54(b). Under Rule 54(b), district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," as long as the court retains jurisdiction. *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (emphasis omitted). Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration is thus properly denied, where as here, the movant fails to establish any reason justifying relief. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).

Cruz seeks reconsideration of the Court's finding that Cruz failed to show likelihood of success on the merits of his Sherman Act claim.[3] (ECF No. 31 at 4.) The Court found that Cruz has not satisfied step one of the three-step framework for analyzing a Section 1 of the Sherman Act claim—Cruz fails to show that the carve out provision has a substantial anticompetitive effect on the relevant labor market for Division I college baseball. (ECF No. 30 at 10-14.) Cruz primarily asserts two arguments for reconsideration. First, Cruz suggests the Court appears to have misconstrued his arguments as to antitrust harm when the Court found Cruz failed to show Defendant's

[3]Cruz sought reconsideration as to his contract claims, but withdrew this argument in his reply. (ECF No. 35 at 2.)

conduct “has substantial anticompetitive effect on the alleged relevant market.” (ECF No. 31 at 4.) But as Defendant correctly points out, the Court specifically recited Cruz’s four arguments as to anticompetitive effects resulting from the carve-out provision and explained their deficiencies. (ECF No. 30 at 12-14.) The Court thus declines to entertain Cruz’s request to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988) (a motion for reconsideration should not be used to ask the court to rethink its analysis); *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (“A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.”).

Second, Cruz argues the Court should hold an evidentiary hearing on his PI Motion to allow his expert witness, Professor Zimbalist, to testify as to the relevant market and antitrust harm. (ECF No. 31 at 4-8.) However, Cruz’s PI Motion sought an ex parte emergency TRO pending a hearing on its request for preliminary injunction; Cruz did not request an evidentiary hearing. (ECF No. 4 at 1, 24.) The Court thus declines to consider an argument that was not raised in connection with the PI Motion. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992) (A district court may decline to consider claims and issues that were not raised until a motion for reconsideration), *impliedly overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App’x 438, 440 (9th Cir. 2003); *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985) (it is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though “dire consequences” might result). Moreover, while noting the deficiency in the evidentiary records, the Court found it “need not resolve that dispute [as to the relevant market] at this stage and assumed “Cruz’s proposed market—DI college baseball—is, indeed, the relevant market.”[4] (ECF No. 30 at 12.) Thus, further factual development as to the

---

[4]In *Blythe*, the court found the district court erred in finding likelihood of success on the merits of the plaintiff’s Sherman Act claim because plaintiff failed to offer sufficient evidence to define the relevant market and to establish a substantial anticompetitive effect in that market. *Blythe*, 2026 WL 2653349, at *6-7. Thus, *Blythe* does not support Cruz’s

relevant market would not have affected the Court's analysis.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Cruz's motion for reconsideration (ECF No. 31) is denied.

It is further ordered that Cruz's third motion to supplement is granted and Cruz's motion for order shortening time (ECF No. 33)[5] is denied.

DATED THIS 2nd Day of October 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

suggestion that the Court committed error in not sua sponte holding an evidentiary hearing before denying his PI Motion.

[5]This motion seeks two different reliefs and should have been filed as separate motions. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").